PER CURIAM.
Pursuant to the procedures approved by this Court in Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1, 14 (Fla.2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and has determined that amendments to twenty-four forms regarding domestic, repeat, dating, and sexual violence are needed. In general, the amendments do the following: (1) revise language in notices of hearing to comply with Florida Rule of Judicial Administration 2.540 (Requests for Accommodations by Persons with Disabilities); (2) remove unnecessary or unauthorized requests for personal information, such as place of marriage, and place of birth or gender of a minor; (3) add language to forms used in proceedings for temporary injunctions to expressly advise litigants that failure to appear at the final hearing may result in the issuance of a permanent injunction; (4) add language in the petition for temporary injunction forms making a specific prayer for entry of a temporary injunction; (5) update language relating to health and dental insurance, where applicable, to reflect current statutory requirements; and (6) revise the method of payment sections, where applicable, to add the central depository within each circuit as an entity able to accept court-ordered payments. Input on these issues was received from the Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms, which provided valuable assistance. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The new and amended forms are adopted as set forth in the appendix to this opinion, fully engrossed, and ready for use. The forms shall become effective immediately upon release of this opinion. The forms may also be accessed and downloaded from the Florida State Court’s website at www.flcourts.org/gen_public/family/ forms_rules/index.shtml. By adoption of the new and amended forms, we express no opinion as to their correctness or applicability. We also direct that the new and amended forms be published for comment. Interested persons shall have sixty days from the date of this opinion to file comments with the Court.[1]
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE (06/12)
When should this form be used?
If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the *196 respondent. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner’s family or household members. In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:
1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner’s child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.
The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your children) whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or Petition for Injunction for Protection Against Dating Violence, Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or Petition for Injunction for Protection Against Sexual Violence, Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for *197 an injunction for protection against sexual violence.
If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents, custodians, or your legal guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a notary public or the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an imminent danger of domestic violence exists, the judge will sign either an immediate Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.980(c)(1) or an immediate Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.980(c)(2). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued ex parte. This means that the judge has considered only the information presented by one side — YOU. The temporary injunction gives a date that you must appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue either a Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice), Florida Supreme Court Approved Family Law Form 12.980(d)(1), or a Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice), Florida Supreme Court Approved Family Law Form 12.980(d)(2). Either of these final judgments will remain in effect for a specific time period or until modified or dissolved by the court. If either you or the respondent does not appear at the final hearing, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction issued at the final hearing.
IF EITHER YOU OR RESPONDENT DOES NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION ISSUED IN THIS MATTER.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that *198 you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied solely on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition, unless you request that no hearing be set. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence, Florida Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see Chapter 741, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.
Special notes ...
With this form you may also need to file the.following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues with regard to your parenting plan or time-sharing for a minor child(ren).
• Parenting plan means a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor children) and must contain a time-sharing schedule for the parents and children). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)’s education, health care, and physical, social, and emotional well-being. In creating the plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan shall be developed and agreed to by the parents and either approved by a court or established by the court, with or without the use of a court-ordered parenting plan recommendation. If the parents cannot agree, or if the parents agreed to a plan that is not approved by the court, a Parenting Plan shall established by the court. “Time-sharing schedule” means a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child will spend with each parent. If developed and agreed to by the parents of a minor child, it must be approved by the court. If the parents cannot agree, of if their agreed-upon schedule is not approved by the court, the schedule shall be established by the court.
*199 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), must be completed and filed if you are asking the court to determine issues of temporary child support.
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.
Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and file it . with the clerk of the circuit court and write confidential in the space provided on the petition.
*200 [[Image here]]
*201 [[Image here]]
*202 [[Image here]]
*203 [[Image here]]
*204 [[Image here]]
*205 [[Image here]]
*206 [[Image here]]
*207 [[Image here]]
*208 [[Image here]]
*209 [[Image here]]
*210 [[Image here]]
*211 [[Image here]]
*212 [[Image here]]
*213 [[Image here]]
*214 [[Image here]]
*215 [[Image here]]
*216 [[Image here]]
*217 [[Image here]]
*218 [[Image here]]
*219 [[Image here]]
*220 [[Image here]]
*221 [[Image here]]
*222 [[Image here]]
*223 [[Image here]]
*224 [[Image here]]
*225 [[Image here]]
*226 [[Image here]]
*227 [[Image here]]
*228 [[Image here]]
*229 [[Image here]]
*230 domestic violence or has reasonable cause to believe that te/she is in Imminent danger of becoming a victim of domestic violence by Respondent,
SECTION «I» INJUNCTION AND TERMS
This injunction shall be in full force and effect until either l | further order of the Court or Í 1 ,«This injunction fe valid and enforceable In ail counties of the State of Florida.
The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction, Either party may ask the Court to change or end this injunction at anytime.
Any violation of this injunction, whether or not at the. invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or Imprisonment Certain willful violations of the terms of this injunction, such as; refusing to vacate the dwelling that the parties sharer going to or being within 500 feat of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited In this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not ⅛ is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by- the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to ons year In jail, as provided by sections 775,032 and 775.083, Florida Statutes. In addition, It ⅛ a federal criminal felony offense, punishable by up to life imprisonment, depending.on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that Is prohibited in this injunction, 18 tl.S.C. Section 2262,
ORDERED and ADJUDGED:
1. violence Prohibited. Responden? shall not commit or cause any other person to commit, any acts of domestic violence against Petitioner, Domestic violence includes; assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members- Respondent shall not commit any other violation of the injunction through an intentional unlawful threat; word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section, or unless paragraphs 13 through 19 below provide for contact connected with the temporary parenting plan and temporary time-sharing with respect to the minor cbitdjren).
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner, further. Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment nr school to inquire about Petitioner or to send
Florida Supreme Court Approved Family Uwi Farm 25.9&⅜¾⅜ float Judgment of injunction of Protection Against Domestic Violence with Minor Children) (After 1¾|⅛⅜ {05/12}
*231 [[Image here]]
*232 [[Image here]]
*233 [[Image here]]
*234 [[Image here]]
*235 [[Image here]]
*236 [[Image here]]
*237 [[Image here]]
*238 [[Image here]]
*239 [[Image here]]
*240 [[Image here]]
*241 [[Image here]]
*242 violence by Respondent,
SECTION «I. INJUNCTION AND TERMS
This injunction shall be In foil force and effect until { ] further order of the Court or { )_
This injunction is valid and enforceable in all counties of the State of florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Slther party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or Indirect criminal contempt proceedings, including the imposition of ⅜ fins or imprisonment. Certain willful violations of the terms of this injunction, such as; refusing to vacate the dwelling that the parties share; going to or being within S00 ftet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner 1f prohibited by this injunction; knowingly or intentionally coming within ⅜00 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property, refusing to surrender firearms or ammunition If ordered to do so by the court; or committing an act Of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year In jail, as provided fey sections 775.082 and 775,083, Florida Statutes. In addition, It Is a federal criminal felony offense, punishable by up to life Imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging ir> conduct that is prohibited in this Injunction, 18 U.5.C, Section 2262,
ORDERED and ADJUDGgOi
1, Violence prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against petitioner, Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false Imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members. Respondent shall not commit any other violation of the injunction through m\ intentional unlawful threat, word w act to do violente to the Petitioner.
2 No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein. Respondent shall have no contact with Petitioner. Respondent shall nut directly or indirectly contact Petitioner in person, by mail, e-mail, -fax, telephone;, through another person, or In any other manner. Further, Respondent shall not contact or have any third party contact, anyone connected with Petitioner’s employment or school to Inquire about Petitioner or :os®nd any messages to Petitioner,- Unless otherwise provided herein, Respondent shall outgo to, In, or within SOU feet oft petitioner's current residence {Hit odrimssl__
[[Image here]]
*243 [[Image here]]
*244 [[Image here]]
*245 [[Image here]]
*246 [[Image here]]
*247 [[Image here]]
*248 [[Image here]]
*249 [[Image here]]
*250 [[Image here]]
*251 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(f), PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE (06/12)
When should this form be used?
If you, or a member of your immediate family, are a victim of repeat violence, you can use this form to ask the court for a protective order prohibiting repeat violence. Repeat violence means that two incidents of violence have been committed against you or a member of your immediate family by another person, one of which must have been within 6 months of filing this petition. Repeat violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.
The parent or legal guardian of any minor child who is living at home may seek an injunction for protection against repeat violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eyewitness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your children), whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form. This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of repeat violence and that an immediate and present danger of repeat violence to you or your family exists, the judge will sign a Temporary Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(k). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a *252 good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued ex parte. This means that the judge has considered only the information presented by one side — YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Repeat Violence (After Notice), Florida Supreme Court Approved Family Law Form 12.980(Z), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.
IF EITHER YOU OR RESPONDENT DOES NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of repeat violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary forms. For further information, see Section 784.046, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.
*253 [[Image here]]
*254 [[Image here]]
*255 [[Image here]]
*256 [[Image here]]
*257 [[Image here]]
*258 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(g), SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE (06/12)
When should this form be used?
You may use this form if your Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(a), or your Petition for Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(f), or your Petition for Injunction for Protection Against Dating Violence, Florida Supreme Court Approved Family Law Form 12.980(n), or your Petition for Injunction for Protection Against Sexual Violence, Florida Supreme Court Approved Family Law Form 12.890(q), was denied by the judge.
You should use this supplemental affidavit to add facts or clarify the facts you wrote in your original petition. For a domestic violence case, you should include facts that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the respondent.
For a repeat violence case, you should include facts that establish that you or a member of your immediate family have or has been a victim of at least two prior incidents of violence, that one of those incidents occurred within the last six months and that there is an immediate and present risk of danger to you or a member of your immediate family.
For a dating violence case, you should include fact that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the respondent who is an individual with whom you have or have had a continuing and significant relationship of a romantic or intimate nature, to be determined by consideration of such facts as: whether the dating relationship existed within the past six months; whether the nature of the relationship included an expectation of affection or sexual involvement; and whether the frequency and type of interaction between you and the individual included involvement over time and on a continued basis. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context.
For a sexual violence case, you should include facts that establish that you are a victim of sexual violence or the parent of a minor child living at home who is a victim of sexual violence, that you have reported the sexual violence to law enforcement and are cooperating in the criminal proceeding if there is one. If the respondent was in state prison for sexual violence against you or the minor child and respondent is out of prison or is getting out within 90 days of the petition, include that information in your supplemental affidavit, along with a copy of the notice of inmate release.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records.
*259 What should I do next?
After you complete this supplemental affidavit, the clerk will attach it to your original petition and all the documents will be submitted to the judge as your Amended Petition.
[[Image here]]
*260 [[Image here]]
*261 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(h), REQUEST FOR CONFIDENTIAL FILING OF ADDRESS (06/12)
When should this form be used?
If you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, you should complete this form and file it with the clerk of the circuit court.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your petition was filed and keep a copy for your records.
*262 [[Image here]]
*263 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980Ü), MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE (06/12)
When should this form be used?
If you are the petitioner on a previously entered injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence and that injunction will soon expire, you may use this form to request that the court extend the injunction. You must file a motion for extension BEFORE the previously entered order expires.
This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You •will need to serve a copy of your motion and Notice of Hearing on the other party.
Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
You will need to appear at the hearing on your motion. After the hearing, if the judge grants your motion, he or she will prepare an Order Extending Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence, Florida Supreme Court Approved Family Law Form 12.980(m). After the judge signs the order, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the previously entered injunction AND a certified copy of the order extending that injunction with you at all times.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat, dating, or sexual violence forms and will answer any question that you may have.
*264 Special notes ...
With this form you may also file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), if you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, and you wish to keep your address confidential.
When completing this form, you should make sure that your reasons for requesting that the injunction be extended are stated clearly and that you include all relevant facts.
[[Image here]]
*265 [[Image here]]
*266 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(j), MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE (06/12)
When should this form be used?
This form may be used if you are a party to a previously entered injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence and you want the court to modify the terms of the injunction. If you use this form, you are called the moving party.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the original petition *267 was filed and keep a copy for your records. You must file a motion for modification before the previously entered order expires. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing on the other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. If you are not represented by an attorney in this action, you must file proof that the other party personally received notice of your motion. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
You will need to appear at a hearing on your motion for modification of injunction. After the hearing, if the judge grants your motion, he or she will prepare a new injunction for protection that contains the modifications. After the judge signs the new injunction, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the new injunction with you at all times!
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat, dating, or sexual violence forms and will answer any question that you may have.
Special notes ...
If the injunction you are seeking to modify is for domestic violence and you want the court to modify alimony, child support, or time-sharing of minor child(ren), you must establish that there has been a change in circumstance(s), as required by chapter 61, Florida Statutes, or chapter 741, Florida Statutes, as applicable, that requires this (these) modifieation(s). Be sure that you make these change(s) clear in your motion.
With this form you may also file the following:
Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), if you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, and you wish to keep your address confidential.
Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), must be com *268 pleted and attached if the modification(s) you are seeking involves temporary custody of any minor child(ren).
Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and attached if the modification(s) you are seeking involves temporary alimony or temporary child support,
When completing this form, you should make sure that your reasons for requesting that the injunction be modified are stated clearly and that you include all relevant facts.
[[Image here]]
*269 [[Image here]]
*270 [[Image here]]
*271 [[Image here]]
*272 [[Image here]]
*273 [[Image here]]
*274 [[Image here]]
*275 [[Image here]]
*276 [[Image here]]
*277 [[Image here]]
*278 [[Image here]]
*279 [[Image here]]
*280 [[Image here]]
*281 [[Image here]]
*282 [[Image here]]
*283 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(n), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE (06/12)
When should this form be used?
If you, or a member of your immediate family, are a victim of dating violence, you can use this form to ask the court for a protective order prohibiting dating violence. Dating violence means violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature. The dating relationship must have existed within the past six months, the nature of the relationship must have been characterized by the expectation of affection or sexual involvement between the parties, and the frequency and type of interac *284 tion must have included that the persons have been involved over time and on a continuous basis during the course of the relationship. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context. Dating violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.
The parent or legal guardian of any minor child who is living at home may seek an injunction for protection against dating violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eyewitness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of dating violence and that an immediate and present danger of dating violence to you or your family exists, the judge will sign a Temporary Injunction for Protection Against Dating Violence, Florida Supreme Court Approved Family Law Form 12.980(o). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued ex parte. This means that the judge has considered only the information presented by one side — YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be *285 given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Dating Violence (After Notice), Florida Supreme Court Approved Family Law Form 12.980(p), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.
IF EITHER YOU OR RESPONDENT DOES NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of dating violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary forms. For further information, see Section 784.046, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.
*286 [[Image here]]
*287 [[Image here]]
*288 [[Image here]]
*289 [[Image here]]
*290 [[Image here]]
*291 [[Image here]]
*292 [[Image here]]
*293 injunction it valid and enforceable in all counties of the State of Florida. The term* of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this Injunction. Either party may ask the Court to change or end ⅛⅛ Injunction.
Willful violation of the twins of tills injunction, such as refusing to vacate <he dwelling which the parties share, going to Petitioner's residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, ff prohibited by this Injunction, or committing an act of dating violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year In jail, as provided by Sections 775,082 and 775.083, Florida Statutes.
Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the Imposition of a fine or Imprisonment, and also may be charged whb a crime punishable by a fine, Jail, or both, as provided by Florida Statutes,
ORDERED and ADJUDGED:
1, Violence Prohibited. Respondent stall nol commit, or cause any other person to commit, any acts of violence against Petitioner, Including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false Imprisonment, or any criminal offense resulting In physical Injury or death, Respondent shall not commit any other violation of the Injunction through an intentional unlawful threat, word, or act to do violence to the Petitioner,
2. No contact Respondent shall have no contact with the Petitioner unless otherwise provided In this section.
[[Image here]]
*294 [[Image here]]
*295 [[Image here]]
*296 [[Image here]]
*297 [[Image here]]
*298 [[Image here]]
*299 [[Image here]]
*300 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(q), PETITION FOR INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE (06/12)
When should this form be used?
If you are a victim of sexual violence or the parent or legal guardian of a minor child who is living at home and is a victim of sexual violence, you can use this form to ask the court for a protective order prohibiting sexual violence. Sexual violence means any one incident of:
• sexual battery, as defined in Chapter 794, Florida Statutes;
• a lewd or lascivious act, as defined in Chapter 800, Florida Statutes, committed upon or in the presence of a person younger than 16 years of age;
*301 • luring or enticing a child, as described in Chapter 787, Florida Statutes;
• sexual performance by a child, as described in Chapter 827, Florida Statutes; or
• any other forcible felony wherein a sexual act is committed or attempted
In order to get an injunction you must have reported the sexual violence to a law enforcement agency and be cooperating in the criminal proceeding if there is one. It does not matter whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney’s office. You may also seek an injunction for protection against sexual violence if the respondent was sent to prison for committing one of the sexual violence crimes listed above against you or your minor child living at home and respondent is out of prison or is getting out of prison within 90 days of your petition. Attach the notice of inmate release to your petition.
Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are seeking an injunction for protection against sexual violence on behalf of a minor child who is living at home, the parent or legal guardian must have been an eyewitness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or is the other parent of your child(ren) whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form. This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that an immediate and present danger of violence exists, the judge will sign a Temporary Injunction for Protection Against Sexual Violence, Florida Supreme Court Approved Family Law Form 12.980(r). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served •with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first, unless the respondent is incarcerated, and in such instance the temporary injunction is effective for 15 days following the date the respondent is released from incarceration. The court may extend the temporary injunction beyond 15 days for a good reason, *302 which may include failure to obtain service on the respondent.
The temporary injunction is issued ex parte. This means that the judge has considered only the information presented by one side-YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Sexual Violence (After Notice), Florida Supreme Court Approved Family Law Form 12.980(s), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.
IF EITHER YOU OR RESPONDENT DOES NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of sexual violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline are defined in that section. The clerk of the circuit court or family law intake staff will provide you with necessary forms. For further information, see section 784.046, Florida Statutes.
Special Notes ...
If you fear that disclosing your address would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided for your address on the petition.
*303 [[Image here]]
*304 [[Image here]]
*305 [[Image here]]
*306 SECTION IV. INJUNCTION (This section mutt be completed.)
X Petitioner asKs the Court to -enter a TCMPORARV INJUNCTION for protection «gainst sexual violence that will bo fa place from now until tiia scheduled taring In this matter,
2, Petitioner asks the Court to enter at» Injunction prohibiting Respondent tern tommfttfag any acts of violence against Petitioner and:
a, prohibiting Respondent from going to or within 500 te« of any place p«itfan«r lives;
[[Image here]]
c, prohibiting Respondent from eonrastfcg Petitioner uy telephone, mail, by ⅞-⅞⅜ fa writing, through another person, or in any other manner;
d, ordering Respondent not to use yr possess any guns or firearms;
[[Image here]]
( UNDERSTAND THAT BY RUING THIS FEHTtON, I AM ASWN6 THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND t Will BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING, 1 UNDERSTAND THAT ÍF EITHER RESPONDENT OP 1 FAIL TO APPEAR AT THE FINAL HEARING, WE Will BE BOUND BY THE TERMS OP AMT INJUNCTION OR ORDER ISSUED ATTHAT HEARING,
I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER: OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSI STATEMENT INCLUDES FINES AND/OR IMPRISONMENT,
[[Image here]]
*307 [[Image here]]
*308 [[Image here]]
*309 [[Image here]]
*310 [[Image here]]
*311 [[Image here]]
*312 [[Image here]]
*313 [[Image here]]
*314 [[Image here]]
*315 [[Image here]]
*316 [[Image here]]
*317 [[Image here]]
*318 [[Image here]]
*319 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(t), PETITION BY AFFIDAVIT FOR ORDER TO SHOW CAUSE FOR A VIOLATION OF FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE (06/12)
When should this form be used?
You may use this form if you have a valid Final Judgment of Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence in force which has been violated. You should use this affidavit to state the essential facts which establish a violation of the Final Judgment of Injunction.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with such clerk or judge as determined by the chief judge of your circuit to be the recipient of affidavits of violation, provide a copy to the state attorney of that circuit and keep a copy for your records.
*320 [[Image here]]
*321 [[Image here]]
*322 [[Image here]]
*323 [[Image here]]
*324 [[Image here]]

. An original and nine paper copies of all comments must be filed with the Court on or before August 6, 2012, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).